IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MICHELLE DUNCAN-BOGLEY, et al.**   *

      **Plaintiffs**   *

      v.   *   CIVIL NO. JKB-16-1137

**UNITED STATES OF AMERICA, et al.**   *

      **Defendants**   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM**

Now pending before the Court is the Government's MOTION TO DISMISS COUNT TWO (ECF No. 14), the Plaintiffs' RESPONSE (ECF No. 16), and the Government's REPLY (ECF No. 19). No hearing is necessary. The Motion will be GRANTED.

Plaintiff Michelle Duncan-Bogley failed to make an administrative claim for her loss of consortium when she completed the requisite form with the Post Office. She made reference to the fact that her husband and co-plaintiff James Bogley III "intends" to make such a claim, but the record reflects the submission of no actual claim by him either. (*See* ECF Nos. 14-2, 14-3)[1] These circumstances are fatal to Count II.

Plaintiffs effectively invite the Court to take a casual approach to what is required at the administrative stage in order for the exhaustion requirement to have been met. Plaintiffs' best argument is that the Post Office had some notice that the Plaintiffs sought damages for their loss of consortium, but when an administrative process is a jurisdictional requirement, as it is here, the Court must police that process with exactitude.

---

[1] The administrative claim form and the agency record, documents 14-2 and 14-3, may properly be considered in addressing this motion to dismiss. The claim form is relied upon in the Complaint and the agency record is implicitly uncontested. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Careful examination of the claim form (ECF No. 14-2) reveals that Michelle Duncan-Bogley never herself asserted a claim for loss of consortium.  Further, this claim form and the entire record reveal that her husband, James Bogley III, never made any claim on his own behalf, for consortium or otherwise.  In some sense the marriage itself may "own" the consortium claim – at least Maryland law may so hold in certain respects.  That circumstance does not change the basic, fundamental requirements for exhaustion under the Federal Tort Claims Act.

In evaluating the status of Mr. Bogley in the case, the relevant question is: what constitutes an administrative claim?  It is telling that the content of the completed claim form reveals, in box no. 2, that only Michelle Duncan-Bogley is the claimant.  Equally telling, in box no. 13a only Michelle Duncan-Bogley signed her name and subjected herself to the civil penalty associated with a false claim under 31 U.S.C. § 3729.  James Bogley III is not named there as a "claimant," and he did not sign the form.  And no person or entity purported to make a claim on behalf of the marriage.

Michelle Duncan-Bogley never filed an administrative claim for her (or the marriage's) loss of consortium.  James Bogley III never filed an administrative claim at all.  Other than the assertion on Ms. Duncan-Bogley's claim form that her husband "intends" to make a claim for loss of consortium, neither plaintiff otherwise asserts that they made such a claim at the administrative level.  Presentation of administrative claims to the appropriate government agency, and their exhaustion, is a jurisdictional prerequisite in a case brought under the Federal Tort Claims Act.  Accordingly, Count II of the Complaint will be dismissed by separate order.

DATED this 29th day of November, 2016.

                                                BY THE COURT:

                                                _____/s/_____
                                                James K. Bredar
                                                United States District Judge